[Civ. No. 1667. First Appellate District.—April 27, 1916.]

BANCA COMMERCIALE ITALIANA DI GENOVA (a Corporation), Appellant, v. P. SCHLEGEL AND COMPANY (a Corporation), Respondent.

ACTION UPON WRITTEN INSTRUMENT—PLEADING—SUFFICIENCY OF COMPLAINT—GENERAL DEMURRER.—In an action between the original parties to a written instrument, the substance of which is pleaded, and from which it appears the defendant promised and agreed to pay the sum of money specified in the instrument, for value received, which upon proper demand it has failed and refused to do, the complaint is sufficient, as against a general demurrer, notwithstanding the writing may not have been such in form as to constitute a negotiable instrument.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   George E. Crothers, Judge.

The facts are stated in the opinion of the court.

Cushing & Cushing, and William S. McKnight, for Appellant.

F. H. Dam, for Respondent.

LENNON, P. J.—This action was commenced by plaintiff to recover from the defendant the amount of a foreign draft drawn in plaintiff's favor and accepted by the defendant.   A demurrer to the original complaint was sustained, whereupon an amended complaint was filed setting out more fully the circumstances under which the draft was drawn, but to which a general demurrer was also sustained without leave to amend. The plaintiff prosecutes this appeal from the judgment thereupon entered in defendant's favor.

The amended complaint alleges that on February 13, 1913, Bonavera & Daffiene, a firm in Italy, executed and delivered to the plaintiff a written instrument negotiable in form and referred to in said pleading as a bill of exchange, whereby they ordered and directed defendant to pay within ninety days after sight to the plaintiff in San Francisco the sum of fcs. 3745.90 lawful money of the Republic of France in lawful money of the United States at the rate then existing in San Francisco for sight drafts on Paris; that a bill of lading for certain goods accompanied said draft, which was to be delivered to the defendant upon its presentation and payment; that thereafter on March 17, 1913, the plaintiff delivered said bill of lading to the defendant, who thereupon promised and agreed to pay said draft or bill of exchange, and as evidence thereof wrote upon the face of said document the words "Accepted March 17, 1913.   P. Schlegel & Co."; that upon delivery to it of the said bill of lading the said defendant presented the same to the carrier having in charge the goods called for by its terms and of which the sum named in said draft was the purchase price, and received possession of the same, which were of the value of the sum specified in said draft; that on June 5, 1913, the said plaintiff presented

said bill of exchange to said defendant for payment, and demanded the said sum of fcs. 3745.90, which at the rate then existing in San Francisco for sight drafts on Paris was of the value of $723.85, but which sum the defendant has refused and failed to pay. Wherefore the plaintiff prays judgment for said sum.

The demurrer to this complaint was general and was sustained by the trial court.

We think its ruling in that regard was error. This is an action between the original parties to a written instrument, the substance of which is pleaded, and from which it appears the defendant promised and agreed to pay the sum of money specified therein for value received, which upon proper demand it has failed and refused to do. Whether or not the writing was such in form, or in its certainties, as to constitute a negotiable instrument, is a question which does not arise on demurrer in an action between the original parties to it and which is not presented upon the record before us; it will not therefore be considered upon this appeal.

The objections which the respondent urges to the complaint otherwise all apparently go to matters of uncertainty which would not avail against the validity of a non-negotiable instrument, and which could only have been taken advantage of in this action by special demurrer.

The judgment is reversed, with instructions to the trial court to overrule the defendant's demurrer to the amended complaint.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 26, 1916.